# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE  DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

July 23, 2026

LAURA A. AUSTIN, CLERK
BY:  s/J.Vasquez
DEPUTY CLERK

| | | |
|---|---|---|
| **JEFFERY LYNN BUSSEY, JR.,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:26CV00543 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **CHADWICK DOTSON, et al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Respondents. | ) | |

*Jeffery Lynn Bussey, Jr., Pro Se Petitioner.*

The petitioner, a Virginia inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  Bussey is currently serving sentences for larceny and drug possession.  He seeks immediate release, claiming that his sentence has been improperly calculated.  Upon review, I conclude that the petition must be summarily dismissed without prejudice because Bussey has not exhausted his state court remedies.[1]

Absent a valid excuse, a state prisoner must exhaust his available remedies in the state courts before seeking habeas relief in federal court.  28 U.S.C. § 2254(b)(1)(A).  The petitioner bears the burden of proof to show that he has

---

[1]  Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition when it appears from the petitioner's submissions that he is not entitled to relief.

exhausted state court remedies. *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994). Exhaustion requires a petitioner to present the facts and argument of his federal constitutional claims properly to the appropriate state courts up to the highest state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A habeas petitioner in Virginia must "present the same factual and legal claims raised in his § 2254 petition to the [Supreme Court of Virginia] either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." *Kent v. Kuplinski*, 702 F. App'x 167, 169 (4th Cir. 2017) (unpublished) (citing *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006). Whichever route he follows, he must ultimately present his claims to the Supreme Court of Virginia and receive a ruling before a federal district court can grant relief under § 2254.

Bussey filed a prior habeas petition in this court, which was dismissed without prejudice for his failure to exhaust available state court remedies. *Bussey v. Kilgore*, No. 7:26cv00190, 2026 WL 801404, at *2 (W.D. Va. Mar. 23, 2026). He was told that he could refile a petition under § 2254 if he exhausted his state court remedies. *Id.* at *1. In the present petition, Bussey says that he filed a habeas petition in a state trial court.[2] Indeed, online records reveal that he has filed two petitions,

---

[2] Bussey also references cases that he filed in this court, including case number 7:26cv00190 discussed herein, as well as case number 7:26-cv-00370. Case number 7:26-cv-00370 was docketed as a civil rights action under 42 U.S.C. § 1983 and was dismissed

numbered CL26000348-00 and CL26000387-00, in the Circuit Court for the City of Bristol, Virginia.  But Bussey admits that he is waiting for responses in his state court cases, and records confirm that both cases are pending.  Nor does Bussey allege that he presented his claims to the Supreme Court of Virginia, and the state's online appellate court management system indicates that no petition has been filed with the state's highest court.

Accordingly, Bussey's § 2254 petition will be dismissed without prejudice to allow him to continue to pursue state court remedies.  A certificate of appealability will be denied, considering that Bussey has not made the requisite showing of a denial of a constitutional right, nor has he shown that reasonable jurists would find the court's procedural ruling to be debatable or wrong.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

A separate Judgment will be entered.

ENTER:  July 23, 2026

/s/  JAMES P. JONES
Senior United States District Judge

---

for failure to state a claim pursuant to 28 U.S.C. § 1915A.  *Bussey v. Va. Dep't of Corr.*, No. 7:26-cv-00370, 2026 WL 1662788, at *2 (W.D. Va. June 9, 2026).  Notably, within that case, Bussey improperly filed a motion to issue a writ of habeas corpus, which the court denied as moot.  *Id.*